[Civ. No. 2568. First Appellate District, Division One.—May 28, 1919.]

T. G. ATKINSON, Respondent, v. THE CHARLES NELSON COMPANY (a Corporation), Appellant.

[1] CONVERSION — RESPONSIBILITY FOR ACTS OF INDEPENDENT CONTRACTOR—LIABILITY FOR PROPERTY DELIVERED TO AGENT.—While the defendant in an action for damages for conversion cannot be held responsible for the tortious acts of another who held toward it the relation of independent contractor, such defendant is responsible where such independent contractor, acting under its directions, delivered the property to one who was acting as its agent and such agent converted the property to his own use.

[2] ID.—DELIVERY OF PROPERTY TO PERSON DESIGNATED—INFERENCE OF AGENCY—BURDEN OF PROOF.—Where in such action it was shown that the independent contractor delivered the property to the person designated by the defendant, this, in the absence of any showing to the contrary, was sufficient to justify the inference that such person to whom the property was delivered was the agent of defendant; and the burden was then cast upon the defendant to rebut such inference by proof of the real relationship between itself and such third person.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooley & Lachmund and A. E. Cooley for Appellant.

Henry A. Jacobs and G. B. Blanckenburg for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action for damages for the alleged conversion of certain spars.

The plaintiff's assignor had delivered to the United States government at the Mare Island Navy Yard a number of spars eighty-five feet in length. Six of these had been rejected by the government, but were lying at the boom of the Mare Island Navy Yard pending their removal by the plaintiff's assignor. The defendant had also and about the same time delivered a number of spars of the maximum length of sixty-five feet to the United States government at said navy yard, of which twenty had been rejected, and these were also lying at the boom of the navy yard awaiting removal. This was the condition of things on May 17, 1914, when the defendant wrote the following letter to the general storekeeper in charge of whatever spars were at the boom of the navy yard, viz.:

"S. F. May 17, 1914.
"General Storekeeper, Mare Island:
"Please deliver to Oakland Launch & Towboat Company twenty rejected spars.

"THE CHARLES NELSON CO.,
"Per JAMES K. NELSON."

This letter, or order, was delivered to the captain in charge of a tug of the Oakland Launch and Towboat Company named therein, who was at the same time instructed by the defendant to deliver the spars named in said order when received by him to one R. B. Swayne in Oakland. In executing this order and instruction the captain of the tugboat of the Oakland Launch and Tugboat Company proceeded to Mare Island and there received from the said storekeeper twenty spars, of which, however, six were the rejected spars of the plaintiff's assignor, and these he transported to Oakland and delivered to said Swayne, who sold the entire lot to other parties. Later the plaintiff, to whom the six rejected spars had been assigned, sent a tugboat to Mare Island for the purpose of having his spars towed to San Francisco, and then for the first time learned that his spars had been delivered to the Oakland Launch and Tugboat Company on the defendant's order. Upon learning these facts the plaintiff, at first orally and then in writing, demanded of the defendant reimbursement for the

41 Cal. App.—20

value of the spars so taken. To these demands the defendant replied, disclaiming any liability for the plaintiff's spars, or any interest in the matter. Whereupon this suit was begun, and resulted in a judgment in the plaintiff's favor for the sum of nine hundred dollars, the value of said spars, and $188.14, interest thereon from the date of the alleged conversion.

[1] The first and in fact the main contention of the appellant is that it was not guilty of the conversion of the spars in question, for the reason that the Oakland Launch and Tugboat Company, which actually received said spars from the government official at Mare Island, was an independent contractor for whose tortious acts the appellant cannot be held responsible. It would seem to be conceded by the respondent that the authorities cited by the appellant sustain its contention that the said tugboat company which received the respondent's six spars from the storekeeper at Mare Island upon the appellant's order to said storekeeper to deliver to the captain of the tug "twenty rejected spars" was, in the receipt of the respondent's spars, an independent contractor, for whose mistake or tortious act the appellant would not be liable; but it seems to us that this is not the determining factor in the case, for the reason that the tugboat company, after receiving whatever spars it did receive under said order, was under its further instruction to deliver said spars to R. B. Swayne in Oakland. Had the appellant's said instruction to the towboat company been to deliver said spars to the appellant directly, and had it done so, and had the appellant sold said spars, its liability for their conversion could not be disputed. [2] The evidence shows that the tugboat company was instructed by the appellant to deliver whatever spars it received from the storekeeper at Mare Island to R. B. Swayne, and that it obeyed said instruction. This, in the absence of any showing to the contrary, would have been sufficient to have justified the inference that said R. B. Swayne was to be the agent of said appellant in receiving said spars. This view is amply supported by the unquestioned fact that the appellant in its dealing with the United States government in the matter of the sale to it of spars was acting as the owner of whatever spars it had delivered at the Mare Island Navy Yard and of whatever portion

of said spars the government had rejected, and that it was seeking to have transported by the tugboat company and delivered in Oakland according to its instruction. Having shown such delivery of the six spars in question to Swayne, the consignee of the appellant's own selection, and having further proven that upon being informed by the respondent that its chosen carrier had taken possession of his said spars and delivered them to Swayne, and that the appellant made no other response or explanation than to disclaim either liability or interest in the premises, the plaintiff was entitled to rest upon the inference of Swayne's agency which thus arose; and the burden was, in our opinion, cast upon the defendant. to rebut such inference by proof of the real relationship between itself and Swayne. This, however, the appellant made no effort to effectually do. In its briefs it is suggested that Swayne was not its agent, but was the agent of one Vallens, from whom it originally procured the spars which it had delivered at Mare Island upon the government requisition, but the proofs which it proffered do not justify this claim, but, on the contrary, seem to show that Swayne in the receipt of these spars and in their resale was acting for the appellant and made his accounting to it. For whatever of deficiency there may be in the proofs on this subject, the appellant must be held responsible, since all of the facts from which the relationship between itself and Swayne was to be inferred were within its own knowledge. Upon this branch of the case we are of the opinion that the plaintiff had made out a case of conversion when it had traced its missing spars into the custody of Swayne, who had resold them, and when he had failed to receive any satisfaction from the defendant upon demand for reimbursement for his spars.

The appellant further contends that the court committed several errors in the admission of evidence. We have examined these and are of the opinion that the appellant was not prejudicially affected by any of said errors (conceding them to be such), since the matters to which they refer cover evidence in regard to facts concerning which there is no substantial dispute.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 27, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 24, 1919.

·All the Justices concurred, except Melvin, J., and Olney, J., who were absent.